**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLIVER KLAUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| MILLENDO THERAPEUTICS, INC., ) | |
| LOUIS J. ARCUDI III, CAROL ) | |
| GALLAGHER, JAMES HINDMAN, JOHN ) | |
| P. HOWE III, GEOFF NICHOL, CAROLE ) | |
| NUECHTERLEIN, and JULIA C. OWENS, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      This action stems from a proposed transaction announced on March 29, 2021 (the "Proposed Transaction"), pursuant to which Millendo Therapeutics, Inc. ("Millendo" or the "Company") will merge with Tempest Therapeutics, Inc. ("Tempest") and Mars Merger Corp. ("Merger Sub").

2.      On March 29, 2021, Millendo's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Tempest and Merger Sub.  Pursuant to the terms of the Merger Agreement, Merger Sub will merge with and into Tempest, with Tempest surviving as a wholly-owned subsidiary of Millendo.

3. On April 13, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Millendo common stock.

9. Defendant Millendo is a Delaware corporation. Millendo's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "MLND."

2

10.     Defendant Louis J. Arcudi III is Chief Executive Officer and a director of the Company.

11.     Defendant Carol Gallagher is a director of the Company.

12.     Defendant James Hindman is a director of the Company.

13.     Defendant John P. Howe III is a director of the Company.

14.     Defendant Geoff Nichol is a director of the Company.

15.     Defendant Carole Nuechterlein is a director of the Company.

16.     Defendant Julia C. Owens is a director of the Company.

17.     The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18.     Defendant Tempest is a Delaware corporation and a party to the Merger Agreement.

19.     Defendant Merger Sub is a Delaware corporation and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

20.     Millendo is a biopharmaceutical company previously primarily focused on developing novel treatments for endocrine diseases where current therapies do not exist or are insufficient.  Millendo seeks to create distinct and transformative treatments where there is a significant unmet medical need.

21.     On March 29, 2021, Millendo's Board caused the Company to enter into the Merger Agreement.

22.     Pursuant to the terms of the Merger Agreement, Merger Sub will merge with and into Tempest, with Tempest surviving as a wholly-owned subsidiary of Millendo.

23.     According to the press release announcing the Proposed Transaction:

Tempest Therapeutics, Inc. ("Tempest"), a privately-held clinical-stage oncology company developing potentially first-in-class therapeutics that combine both targeted and immune-mediated mechanisms, and Millendo Therapeutics, Inc. (Nasdaq: MLND) ("Millendo"), announced today that they have entered into a definitive agreement under which Millendo will merge with Tempest in an all-stock transaction. The combined company will focus on advancing Tempest's oncology pipeline of small molecule therapeutics that have the potential to address a wide range of tumors. Upon shareholder approval, the combined company is expected to operate under the name Tempest Therapeutics and trade on the Nasdaq Capital Market under the ticker symbol TPST.

In support of the merger, Tempest has secured commitments from a premier syndicate of healthcare investors comprised of Versant Ventures, Rock Springs Capital, F-Prime Capital, Monashee Investment Management, Quan Capital, Lyfe Capital, Maven Investment Partners US, Lilly Asia Ventures and Eight Roads Ventures for a $30 million PIPE financing that is expected to close concurrent with the completion of the merger. Together with the cash expected from both companies at closing, the net proceeds of the merger and financing are expected to fund the further development of Tempest's three oncology programs and operate the company into early 2023. The financing and merger are expected to close in the first half of 2021. . . .

Tempest's oncology pipeline is led by two clinical programs, TPST-1495 and TPST-1120, with broad potential across multiple tumor types. TPST-1495 is an antagonist selective for two receptors in the prostaglandin (PGE2) pathway, EP2 and EP4, which promote both tumor growth and the proliferation of suppressive immune cell populations. Tempest is currently evaluating the safety, tolerability, pharmacokinetics, pharmacodynamics, and preliminary anti-tumor activity of TPST-1495 in a multicenter Phase 1a/1b dose and schedule optimization study in patients with advanced solid tumors, with a focus on known prostaglandin-driven tumors such as colorectal cancer, lung adenocarcinoma and urothelial cancer. Tempest expects to report topline data from this study prior to the end of 2021, as well as data from planned monotherapy dose expansion and combination studies in 2022. TPST-1120 is designed to be a selective antagonist of proliferator-activated receptor alpha (PPARα) which is a transcription factor that regulates the expression of target genes that promote angiogenesis and enable a cellular metabolic pathway known as fatty acid oxidation. TPST-1120 has completed monotherapy dose escalation and is progressing through a combination dose escalation study with nivolumab. This summer, Tempest expects F. Hoffmann-La Roche Ltd to initiate a global, randomized Phase 1b/2 clinical study in combination with the standard-of-care first-line regimen of atezolizumab and bevacizumab in patients with advanced or metastatic HCC not previously treated with systemic therapy, pursuant to a recently announced collaboration between the companies. Tempest expects to report topline data from this study by year-end 2022. . . .

4

About the Proposed Merger

Millendo stockholders are expected to own approximately 18.5% of the combined company and pre-merger Tempest stockholders will own approximately 81.5% of the combined company. The percentage of the combined company that Millendo's stockholders will own as of the close of the transaction is subject to adjustment based on the amount of Millendo's net cash at the closing date.

Upon closing of the transaction, Millendo will be renamed Tempest Therapeutics, Inc. and will be headquartered in South San Francisco, CA. Stephen Brady and Tom Dubensky, Ph.D., will serve as chief executive officer and president, respectively, of the combined company. The merger agreement provides that the Board of Directors of the combined company will be comprised of seven members. The merger agreement has been approved by the Board of Directors of each company, and the transaction is expected to close in the first half of 2021, subject to approvals by the stockholders of each company, the effectiveness of a registration statement filed with the U.S. Securities and Exchange Commission to register the shares of Millendo common stock to be issued in connection with the merger, the completion of a PIPE financing, and other customary closing conditions.

SVB Leerink is serving as the exclusive financial advisor to Millendo and WilmerHale is serving as legal counsel. Piper Sandler is serving as the exclusive financial advisor to Tempest and Sidley Austin is serving as legal counsel.

***The Registration Statement Omits Material Information***

24.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

25.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction.

26.     First, the Registration Statement omits the Company's and Tempest's financial projections.

27.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

28.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, SVB Leerink LLC ("SVB Leerink").

29.     With respect to SVB Leerink's analyses, the Registration Statement fails to disclose SVB Leerink's basis for including $30,000,000 in committed concurrent financing by new and existing investors in Tempest's equity value.

30.     With respect to SVB Leerink's Tempest Therapeutics Valuation Analysis – Selected Biopharma Public Companies, the Registration Statement fails to disclose: (i) the fully-diluted number of shares outstanding; and (ii) SVB Leerink's basis for applying a 25% liquidity discount.

31.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

32.     Third, the Registration Statement omits material information regarding SVB Leerink.

33.     The Registration Statement fails to disclose whether SVB Leerink has performed past services for the parties to the Merger Agreement or their affiliates, and if so, the timing and nature of the services and the amount of compensation received by SVB Leerink for providing the services.

34.     The Registration Statement also fails to disclose the amount of compensation SVB Leerink will receive for any role in the PIPE financing.

35.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

36.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

37.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Millendo**

38.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Millendo is liable as the issuer of these statements.

40.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

41.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

42.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote

on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

43. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

44. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

45. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants, Tempest, and Merger Sub

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants, Tempest, and Merger Sub acted as controlling persons of Millendo within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Millendo and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

48. Each of the Individual Defendants, Tempest, and Merger Sub was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

8

49.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.    The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

50.    Tempest and Merger Sub also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

51.    By virtue of the foregoing, the Individual Defendants, Tempest, and Merger Sub violated Section 20(a) of the 1934 Act.

52.    As set forth above, the Individual Defendants, Tempest, and Merger Sub had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 27, 2021                          **RIGRODSKY LAW, P.A.**

                                  By:  */s/ Gina M. Serra*
                                        Seth D. Rigrodsky
                                        Timothy J. MacFall
                                        Gina M. Serra
                                        Vincent A. Licata
                                        825 East Gate Boulevard, Suite 300
                                        Garden City, NY 11530
                                        Telephone: (516) 683-3516
                                        Email: sdr@rl-legal.com
                                        Email: tjm@rl-legal.com
                                        Email: gms@rl-legal.com
                                        Email: vl@rl-legal.com

                                        *Attorneys for Plaintiff*